**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TOMMY RICE, | ) | CASE NO. 5:26-cv-187 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| TRUTHFINDER, LLC, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

Before the Court are three motions: (i) Defendant CheckPeople, LLC's ("CheckPeople") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) ("Motion to Dismiss") (ECF No. 21); (ii) Defendants TruthFinder, LLC ("TruthFinder") and PeopleConnect Holdings, Inc.'s ("PeopleConnect") motion to compel arbitration or dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Compel") (ECF No. 22); and (iii) Plaintiff Tommy Rice's Motion for Leave to file a Second Amended Complaint ("Motion to Amend") (ECF No. 28).  For the reasons discussed below, the Motion to Amend is **GRANTED**, while the Motion to Dismiss (ECF No. 21) and Motion to Compel (ECF No. 22) are **DENIED AS MOOT**.

I.      **PROCEDURAL BACKGROUND**

On March 25, 2026, Plaintiff filed an amended complaint against Defendants Nations Info. Corp., CheckPeople, TruthFinder, and PeopleConnect.[1]  (ECF No. 8).  The amended complaint generally alleges that Plaintiff has suffered damages due to Defendants operating or contributing to a webpage that falsely labeled Plaintiff as a registered sex offender.  (*Id.* at PageID #73–80). Plaintiff asserts six causes of action: (i) Defamation/Defamation Per Se (Count I); (ii) Negligence

---

[1] Plaintiff filed his original complaint against Defendants on January 23, 2026, (ECF No. 1), and then filed the amended complaint before he had served Defendants with the initial pleadings.

1

and Recklessness – Disclaimer Insufficiency (Count II); (iii) Fair Credit Reporting Act (Count III-A);[2] (iv) False Light Invasion of Privacy (Count III-B); (v) Negligent and Reckless Publication/Failure to Correct (Count IV); and (vi) Declaratory and Injunctive Relief (Count V). (*Id.* at PageID #80–85).

On June 1, 2026, CheckPeople filed its Motion to Dismiss, seeking dismissal of Count III-A under Rule 12(b)(1) for lack of subject matter jurisdiction, dismissal of all claims asserted against CheckPeople under Rule 12(b)(2) for lack of standing, and dismissal of all claims under Rule 12(b)(6) for failure to state a claim. (ECF No. 21). On June 15, 2026, PeopleConnect and TruthFinder filed their Motion to Compel, requesting the Court compel arbitration pursuant to a binding arbitration provision or dismiss the case under Rule 12(b)(6) for failure to state a claim in the alternative. (ECF No. 23). On June 22, 2026, Plaintiff filed his oppositions to Motion to Dismiss, (ECF No. 26), and Motion to Compel, (ECF No. 27).

On June 23, 2026, Plaintiff filed the Motion to Amend. (ECF No. 28). Plaintiff moves for leave to amend to add factual allegations to support his various claims that he states were discovered through further investigation. (*Id.*). Plaintiff also provided a proposed second amended complaint that has added new factual allegations and a new cause of action under Ohio Rev. Code § 2741 labeled "Ohio Right of Publicity." (ECF No. 28-1). On June 29, 2026, TruthFinder and PeopleConnect filed a notice stating that they would not oppose the Motion to Amend so long as Plaintiff filed the exhibits referenced in the proposed second amended complaint. (ECF No. 30, PageID #305). Plaintiff filed the exhibits for the proposed second amended complaint on June 29, 2026. (ECF Nos. 32).

---

[2] Because the amended complaint labels two counts as Count III, (ECF No. 8, PageID #81–83), the Court has labeled the first Count III (Fair Credit Reporting Act) as Count III-A and the second Count III as Count III-B (False Light Invasion of Privacy).

TruthFinder and PeopleConnect also filed a reply in support of their Motion to Compel on June 30, 2026.  (ECF No. 33).  The same day, CheckPeople filed a reply in support of its Motion to Dismiss.  (ECF No. 34).  On July 7, 2026, CheckPeople filed its opposition to the Motion to Amend.  (ECF No. 35).

## II.     MOTION TO AMEND

### A.     Legal Standard

Pleading amendments are governed by Federal Rule of Civil Procedure 15(a)(2).  Rule 15(a)(2) provides that, in instances of amendment other than amending within 21 days of service of the initial complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires."  "Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (internal citations and quotation marks omitted).  The Supreme Court has clarified that absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  The Sixth Circuit has emphasized that "case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).  The party opposing a motion to amend the pleadings bears the burden of establishing that the proposed

amendments would be futile.  *See White v. Emergency Med. Billing & Coding Co.*, No. 11-14207, 2013 U.S. Dist. LEXIS 122293, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting cases).

### B.      Discussion

The Court notes that TruthFinder and PeopleConnect do not oppose the Motion to Amend. (ECF No. 30).  The only defendant opposing the Motion to Amend is CheckPeople.  As an initial matter, the Court finds that there is no evidence of undue delay, or bad faith or dilatory motive in this case; nor has any defendant raised any such argument in their opposition briefing. CheckPeople's main argument in opposition to granting leave to amend is that the proposed second amended complaint is ultimately futile.  (*See* ECF No. 35, PageID #385–89).

Although Rule 15 encourages leave to amend be freely granted, "a request may be denied if it would be futile, i.e., if the amended complaint would not withstand a motion to dismiss for failure to state a claim."  *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).  To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Rule 8(a)(2) provides that the complaint should contain a short and plain statement of the claim, but that it should be more than a "the-defendant-unlawfully-harmed-me" accusation.  *Id.* at 677–78 (citing *Twombly*, 550 U.S. at 555).  A plaintiff is obligated to provide sufficient grounds to show entitlement to relief; "labels, conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true."  *Id.*  When reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

First, the Court is not convinced by all of CheckPeople's arguments that the proposed second amended complaint is facially deficient in all respects and therefore futile.  CheckPeople argues that the allegation in the proposed second amended complaint that "Autumn," a recruiter at Risingler Brothers, purchased a background report from CheckPeople (along with "Truthfinder, [and] Intelius"), (ECF No. 28-1, PageID #284, ¶ 67), is internally inconsistent because there is a later allegation that Plaintiff "cannot determine, without discovery, which Defendant originally injected the false criminal data into the ecosystem", (*id.* at PageID #291, ¶ 125).  (ECF No. 35, PageID #386).  The Court does not find these statements to be contradictory, as one posits that CheckPeople and two other entities published the alleged false information, and the other that Plaintiff does not know which of the defendants initially published the false information. CheckPeople further argues that the "Autumn" allegations do not cure any pleading defects because Plaintiff's own exhibits demonstrate that CheckPeople had a disclaimer against using its services for "employment screening", thereby demonstrating that any harm was due to third-party misconduct instead of CheckPeople's. (ECF No. 35, PageID #387–88).  The Court is not entirely

5

convinced by this argument because, while it is an argument for defeating any claim based on the FCRA, it does not affect or defeat the proposed claims of defamation against CheckPeople.[3]

The Court is not making a determination at this time as to the merits of Plaintiff's proposed claims.  That said, even if Plaintiff's claims are ultimately dismissed on the merits for failure to state a claim, that does not necessarily mean that his claims were frivolous or entirely baseless. Although there may be some question as to whether all of Plaintiff's proposed claims against CheckPeople state a viable claim for relief, the Court finds that CheckPeople has not met its burden of establishing that the proposed second amended complaint would be futile in its *entirety*.

Second, even if the Court were to find that all the proposed amendments were futile, the Court is not required to deny leave to amend.  "Though futility is a permissible basis for denying a motion to amend a pleading, the Supreme Court in *Foman v. Davis* did not mandate that a court *must* deny a proposed amendment if it is futile."  *All Pro Brace, LLC v. United States HHS*, No. 1:21-cv-00896, 2022 U.S. Dist. LEXIS 209091, at *9 (N.D. Ohio Nov. 17, 2022) (citing *Aladdin Temp-Rite, LLC v. Carlisle FoodService Prods. Inc.*, No. 3:13-0650, 2014 WL 12774872, at *2 (M.D. Tenn. June 16, 2014)) (emphasis in original).  "Rather, even if a claim *may* be futile, the Court is not *required* to disallow the amendment."  *Id.* (citation and internal quotation marks omitted) (emphasis in original).  In other words, the Court is not required to deny leave to amend here.

CheckPeople also argues that granting leave to amend would be prejudicial because it would force CheckPeople to have to file a brief for dismissal a second time.  (ECF No. 35, PageID #389).  The Court does not find this inconvenience sufficiently prejudicial to warrant denial of

---

[3] The injury from, and liability for, a claim of defamation arises from the publication of false information.  The disclaimer directed to users about the use of the published information is irrelevant with respect to liability and would not defeat all claims for damages arising from said claim.

6

leave to amend.  While Plaintiff has already filed one amended complaint, it was filed before any defendant had been served with notice of this action.  Nor has the case proceeded past the pleading stage and onto discovery.  Given the current procedural posture of the case, CheckPeople has not shown *undue* prejudice.

In light of the lack of undue prejudice, undue delay, and bad faith, the Court finds that granting leave to amend is in the best interests of justice.  Moreover, the Court finds the interests of efficiency are best served by granting leave to amend at this time, as Plaintiff's and CheckPeople's arguments for and against dismissal are crisscrossed and interspersed throughout the parties' opposition and reply briefs addressing the Motion to Dismiss and Motion to Amend. Under these circumstances, whether the proposed amendments are futile and whether Plaintiff's claims are subject to dismissal under Rule 12(b)(6) would be best handled in a single motion to dismiss, where the arguments are cleanly and plainly presented before the Court.  Accordingly, the Court **GRANTS** the Motion to Amend (ECF No. 28).

"It is well-settled that motions to dismiss are rendered moot upon the filing of an amended complaint."  *Doe v. Oberlin Coll.*, No. 1:17cv1335, 2018 U.S. Dist. LEXIS 237046, at *6 (N.D. Ohio Feb. 23, 2018) (citing cases); *see also Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss."); *Helms v. Aramark Corr. Servs.*, No. 3:22-cv-1557, 2022 U.S. Dist. LEXIS 231412, at *2 (N.D. Ohio Dec. 21, 2022) (citing *Doe*, 2018 U.S. Dist. LEXIS 237046, at *6).  As a result, CheckPeople's Motion to Dismiss (ECF No. 21) is **DENIED AS MOOT**.  Although TruthFinder and PeopleConnect contend that granting leave to amend should not affect their request to compel arbitration, (ECF No. 30), that request and their request to dismiss the amended complaint for failure to state a claim are combined in a single motion, and the filing of a second amended complaint provides a new

operative pleading.  To avoid confusion and ensure that any arguments for compelling arbitration and dismissal would be presented at the same time, TruthFinder and PeopleConnect's Motion to Compel (ECF No. 22) is also **DENIED AS MOOT** in its entirety.  Defendants are free to file any appropriate motion to dismiss or motion to compel arbitration in response once the second amended complaint has been filed.

Finally, the Court notes that Plaintiff has now had two opportunities to amend the complaint.  The motion for leave to amend addressed in this order was filed in the face of Defendants having separately moved to dismiss based on pleading deficiencies.  The Court therefore cautions Plaintiff that any future requests for leave to amend will be denied absent extraordinary and compelling circumstances.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 28) is **GRANTED**.  Plaintiff is **ORDERED** to file the proposed second amended complaint (Doc. No. 28-1), along with all exhibits, on or before August 3, 2026.  The Motion to Dismiss (ECF No. 21) and Motion to Compel (ECF No. 23) are **DENIED AS MOOT**.  Defendants shall answer or otherwise respond by August 24, 2026.

**IT IS SO ORDERED.**

Date: Juily 13, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

8